[No. 16816.   Department Two.   January 6, 1922.]

THE STATE OF WASHINGTON, *on the Relation of A. M. Cation et al., Plaintiff*, v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN (116)—PROCEEDINGS—NOTICE—PROOF OF SERVICE —AFFIDAVITS—SUFFICIENCY.  Rem. Code, § 5633, providing notice of proceedings to condemn land to be posted, in case of absentee owners, "at a conspicuous place on the lands," is shown to be strictly complied with by an affidavit of posting "at a conspicuous place on the lands to be affected by said road."

EVIDENCE (142) — PAROL EVIDENCE TO VARY WRITINGS — PUBLIC RECORDS.  In condemnation proceedings to establish a public highway, where there are in evidence two purported orders of the county commissioners for the establishment of the road, oral evidence is admissible to show that one of them had not been adopted

[1]Reported in 203 Pac. 375.

by the board nor recorded in their minutes, and that the other order had been approved and signed by the commissioners and set out in the journal of their proceedings.

Certiorari to review a judgment of the superior court for Walla Walla county, Mills, J., entered September 22, 1921, adjudging a public use and necessity in condemnation proceedings. Affirmed.

*Evans & Watson,* for relators.
*John C. Hurspool,* for respondents.

MAIN, J.—The proceedings here under review occurred in an action brought by Walla Walla county against a number of parties for the purpose of con· demning certain lands for a public highway, pursuant to Remington's Code, § 5623 *et seq.* (P. C. § 5993 *et seq.*)

The complaint alleged in detail the proceedings before the board of county commissioners, and particularly alleged that the notice of the hearing on the report of the engineer upon certain of the parties was by posting a copy thereof as required by law. The allegations were denied by answer. Upon a hearing for the purpose of adjudicating a public use and necessity, there was introduced in evidence all the files of the county auditor's office pertaining to the road, and these were marked as exhibits; one of them, designated as exhibit No. 5, purports to be an order establishing the road. Later, during the trial, exhibit No. 10 was introduced, which was an order of establishment. In exhibit No. 5, one of the calls in the description of the road read "south", when it should have read "north". The correct description appeared in exhibit No. 10. The evidence showed that exhibit No. 5 had not been adopted or approved by the board of county commis-

sioners, was not signed by them, and was not recorded in their minutes. The evidence further showed that exhibit No. 10, which contained the correct description, had been signed and approved by the commissioners and was set out in the journal of their proceedings. The cause was brought here by relators for the purpose of reviewing the order of the trial court adjudging a public use and necessity and which sustained the proceedings before the board of county commissioners as having been conducted in accordance with the statute.

Two questions are presented: First, it is claimed that the affidavit of one C. M. Meiners for the purpose of showing service on the nonresident relators was not sufficient, in that it failed to recite that a copy of the notice had been posted upon the lands "to be taken" for the road. The affidavit recites, among other things, that a notice was served by posting one copy at a conspicuous place at the court house in Walla Walla county and "by posting one copy thereof at a conspicuous place on the lands of said Frances T. Garrecht to be affected by said road." The statute, Rem. Code, § 5633, provides that, when the owners are absent from the county and cannot be served personally therein, "such notice shall be given, as to them, by posting written notice of the time and purpose of such hearing, one at a conspicuous place on the land or left at the residence of the owner, lessee or incumbrancer, as the case may be, and one at a conspicuous place at the court house of the county, at least twenty days before the time set for such hearing." The point is that the affidavit is defective in that it fails to state that the notice was posted upon the land "to be taken" for the road. The statute says at a conspicuous place on the land; it does not say either on the land to be taken for the road or land to be affected by the road. Accepting the rule

to be that a statute substituting other than a personal service of process is to be strictly complied with in order to confer jurisdiction, it seems to us that the affidavit in this case is a compliance with the statute. It would be very technical to hold that the affidavit in question was not sufficient.

The other point is that exhibit No. 10 should not have been introduced to overcome exhibit No. 5. The argument upon this question is based upon the assumption that exhibit No. 5, taken from the files in the auditor's office, was the original record and could not be impeached. Under the evidence, exhibit No. 10 was the original, it having been signed by the board of county commissioners and made a part of the minutes of their proceedings. It is said, however, that evidence should not have been permitted which would destroy the effect of exhibit No. 5. Exhibit No. 5 not having been signed or recorded in the minutes of the board, there was no reason why these facts could not be shown by oral testimony.

The judgment will be affirmed.

FULLERTON, MACKINTOSH, HOLCOMB, and HOVEY, JJ., concur.